IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| PRECISION IMPORTS AUTO BROKERS, INC., DBA Coastal Auto Group, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:18cv620-MHT (WO) |
| GLASSTREAM, INC., | ) ) | |
| Defendant. | ) | |

OPINION AND ORDER

In this lawsuit, plaintiff Precision Imports Auto Brokers, Inc., doing business as Coastal Auto Group, claims that defendant Glasstream, Inc. breached a contract making Coastal an authorized dealer of Glasstream boats and committed fraud. The court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). This case is before the court on Glasstream's motion to transfer venue to the United States District Court for the Northern District of Florida, Panama City Division, pursuant to 28 U.S.C. § 1404. For the reasons explained below, the motion will be granted.

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  Glasstream is located in the Northern District of Florida.  According to Glasstream, while Coastal's headquarters is in the Middle District of Alabama, the business relationship at issue here was with Coastal's branch in Baldwin County, Alabama, in the Southern District of Alabama.  Finally, although it denies that a contract was formed, Glasstream further argues that the draft contract Coastal seeks to enforce contains a forum-selection clause that provides for all disputes to be litigated in the "county of Bay or such other Florida court as Glasstream may elect."  Contract (doc. no. 11-1) at § 6.2.  For its part, Coastal does not object to the transfer.  *See* Response Brief (doc. no. 15).  Upon a review of the record, and in light of

the lack of opposition to the motion, the court concludes that a transfer is warranted in the interest of justice and for the convenience of the parties, pursuant to 28 U.S.C. § 1404(a).

\*\*\*

Accordingly, it is ORDERED that:

(1) The motion to transfer venue (doc. no. 11) is granted.

(2) Pursuant to 28 U.S.C. § 1404(a), this case is transferred to the United States District Court for the Northern District of Florida, Panama City Division.

(3) The clerk of the court is DIRECTED to take appropriate steps to effect the transfer.

This case is closed in this court.

DONE, this the 19th day of September, 2018.

                                                 /s/ Myron H. Thompson  
                                                UNITED STATES DISTRICT JUDGE